IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:20CR012 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| BRUCE EDWARD PAYNE, JR., | : | |
| Defendant. | : | |

### PRELIMINARY ORDER OF FORFEITURE

Upon the United States' Motion for Preliminary Order of Forfeiture and the Court's review of the evidence in the record, including the Plea Agreement, the Court HEREBY FINDS THAT:

On January 28, 2020, the United States charged defendant Bruce Edward Payne, Jr. in a one-count Information with Possession with Intent to Distribute 40 Grams or More of a Mixture or Substance Containing a Detectable Amount of Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

On March 4, 2020, the Defendant entered into a Plea Agreement with the United States in which the Defendant agreed to plead guilty to Count 1 of the Information and agreed to the immediate forfeiture, pursuant to 21 U.S.C. § 853(a), of all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such violation and all property used, or intended to be used in any manner or part, to commit, or to facilitate the commission of such violation, including but not limited to the following property (the "subject property"):

- $1,420.00 in U.S. Currency;
- Glock 31, .357 caliber, Serial No. BHXL965, with all attachments including an Insite

M6X tactical laser illuminator and approximately 16 rounds of ammunition;

- Husan & Eksen, Model MKA 1919, 12 ga, Serial No. E1502618, with all attachments including an EoTech sight and approximately 5 rounds of ammunition;

- Glock M/N 22, 40 caliber, Serial No. KXF114, with all attachments and approximately 10 rounds of ammunition;

- Mossberg M/N 500A, 12 ga, Serial No. L817249, with all attachments including a green camo sling and approximately 6 rounds of ammunition;

- Rock Island, Model M1911-A1 MS, 45 caliber, Serial No. RIA1880702, with all attachments and approximately 8 rounds of ammunition;

- Miscellaneous ammunition, which includes, but is not limited to, the following:

  - 2 boxes of 12 gauge shotgun shells;

  - Miscellaneous ammunition found in blue duffel bag;

  - Box of 10mm ammunition;

  - Box of 357 ammunition; and

  - 53 rounds of 9mm ammunition;

- Apple iPhone; Model A1524, IMEI 359245069906863, black and silver in color; and

- TCL cell phone, Model A501DL, IMEI 01593000060016, black in color with cracked screen.

The Defendant entered a plea of guilty to the Count 1 of the Information on March 4, 2020.

The subject property is forfeitable, pursuant to 21 U.S.C. § 853(a), as proceeds of the offense charged in Count 1 of the Information and/or property that facilitated such offense. The Defendant had an interest in the subject property.

The United States has established the requisite nexus between the subject property and the Defendant's offense.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. All right, title, and interest is the subject property is condemned and forfeited to the

United States pursuant to 21 U.S.C. § 853(a).

    2.    The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the Defendant or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

    3.    In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.  Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv).  Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

    4.    The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition.  The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

    5.    Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

    6.    Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the

property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

7. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8. In accordance with the Plea Agreement, this Preliminary Order of Forfeiture is final as to the Defendant and shall be made part of the sentence and included in the Judgment. This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

SO ORDERED:

Dated: April 15, 2020                *s/Thomas M. Rose

                                                                              THOMAS M. ROSE
                                                                              UNITED STATES DISTRICT JUDGE